Susan E. Kirkgaard, SBN: 134915
LAW OFFICES OF JOHN A. BIARD
P.O. Box 64093
St. Paul, Minnesota 55164-0093
Physical Address:
11070 White Rock Road, Ste. 200
Rancho Cordova, CA 95670
Telephone:    916-638-6610
Direct:       916-638-6579
Facsimile:    855-631-5920
EMAIL:        skirkgaa@travelers.com

Attorneys for Plaintiff
NORTHFIELD INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY, an Iowa Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MILWAUKEE ELECTRIC TOOL CORPORATION, a wholly owned subsidiary of TECHTRONIC INDUSTRIES CO. LTD., an unknown business entity; SAMSUNG SDI CO., LTD. aka SAMSUNG SDI, a Korean Entity and DOES 1-20 inclusive,<br><br>Defendants. | Case No.: 2:20-CV-01505-MCE-DMC<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>• **Negligence;**<br>• **Strict Liability-Manufacturing Defect;**<br>• **Strict Liability-Design Defect-Consumer Expectation;**<br>• **Implied Warranty of Merchantability;**<br>• **Implied Warranty of Fitness for Particular Purpose;**<br>• **Express Warranty; and,**<br>• **Negligence-Manufacturer -Duty to Warn.**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff NORTHFIELD INSURANCE COMPANY ("Plaintiff"), and files this First Amended Complaint against MILWAUKEE ELECTRIC TOOL CORPORATION, a wholly owned subsidiary of TECHTRONIC INDUSTRIES CO. LTD., an unknown business entity;

SAMSUNG SDI CO., LTD. aka SAMSUNG SDI, a Korean Entity and DOES 1-20 inclusive, ("Defendants") and each of them, alleging as follows:

**GENERAL ALLEGATIONS**

1. This is a subrogation Complaint for money damages in excess of $132,462.85 as a result of a fire loss incident ("the Incident") occurring on August 1, 2017, at our Insured's commercial building located in Chico, California. The fire sparked about 1:30 p.m. at our insureds' Square Deal Mattress Factory and Upholstery" at 1358 Humboldt Avenue, Chico, California (hereinafter "THE PROPERTY"). The area of origin was lithium batteries assembled into a cell pack by Defendant SAMSUNG SDI, used to charge a cordless Milwaukee rechargeable drill. The Incident resulted in damages to Insured EV RIFE ENTERPRISES ("Insured EV RIFE"), and therefore to Plaintiff , which paid sums for this loss to its Insured EV RIFE.

2. At all times mentioned herein Plaintiff NORTHFIELD INSURANCE COMPANY ("Plaintiff") was and is now a corporation organized and existing under the laws of the State of Iowa and authorized to transact and is transacting business in the State of California.

3. Plaintiff is informed and believes and based thereon alleges that Defendant MILWAUKEE ELECTRIC TOOL CORPORATION ("Defendant MILWAUKEE") is, and at all times herein mentioned was, believed to be a corporation organized and existing under the laws of the State of Delaware, and a wholly owned subsidiary of TECHTRONIC INDUSTRIES CO. LTD., an unknown business entity. Defendant MILWAUKEE manufactured assembled and placed into commerce the subject Milwaukee drill ("DRILL"), serial number CS16361350058.

4. Plaintiff is informed and believes and based thereon alleges that Defendant TECHTRONIC INDUSTRIES CO. LTD., ("Defendant TECHTRONIC") is, and at all times herein mentioned was, an unknown business entity and is the parent company of     Plaintiff is informed and believe and thereon alleges that Defendant TECHTRONIC, as the "parent company" for Defendant MILWAUKEE, which distributed and placed into commerce the subject DRILL.

/ / /

/ / /

/ / /

5.  Plaintiff is informed and believes and based thereon alleges that Defendant SAMSUNG SDI CO., LTD. aka SAMSUNG SDI ("Defendant SAMSUNG") is, and at all times herein mentioned was, a Korean corporation headquartered at 150-20, Gongse-ro, Giheung-gu, Yongin-si, Gyeonggi-do, Korea. Defendant SAMSUNG manufactured and placed into commerce the battery cells and/or the battery pack installed into the charging station as a component of the subject DRILL.

6.  Defendant DOES 1 through 20, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff at this time. Plaintiff will amend its First Amended Complaint to insert the true names and capacities of Defendants once known. Plaintiff is informed, believes, and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants, and each of them.

7.  On or before August 1, 2017, Plaintiff issued a policy of insurance, Policy No. 23 WS 313637-01 hereinafter (hereinafter "THE POLICY"), which was in effect at the time of the loss, to Insured EV RIFE for a certain commercial property and contents located at THE PROPERTY.

8.  Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, Defendants, and each of them, were the agents and/or employees of each of the Co-Defendants, and in doing the things described herein were acting within the course and scope of the authority of such agents and/or employees, and each Defendant has ratified and approved the acts of its agents and/or employees.

9.  As a result of a fire occurring on or about August 1, 2017, and pursuant to the terms and conditions of the Policy, Plaintiff made payments to Insured EV RIFE for damages to its property caused by the negligence, and conduct, malfeasance and nonfeasance of Defendants, and each of them.

10. Pursuant to the Policy and payments made thereunder by Plaintiff, Plaintiff is now subrogated to all rights of its Insured EV RIFE and entitled to enforce all of Insured EV RIFE'S remedies against Defendants, and each of them, for damages. Accordingly, Plaintiff brings this action pursuant to Plaintiff's rights of equitable subrogation against the parties believed responsible for such losses.

11. As a result of the actions or inactions of Defendants, and each of them, and the events alleged herein, Plaintiff now seeks damages in the amount of $132,462.85 as further described herein.

12. Plaintiff alleges that Defendants' negligence caused it harm which ordinarily would not have happened unless someone was negligent, that the harm was caused by something that only Defendants' controlled; and that Plaintiff's voluntary actions, if any, did not cause or contribute to the events that harmed it.

13. The amount in controversy exceeds $75,000.

14. The court has diversity jurisdiction in this district pursuant to 28 U.S.C. section 1332.

15. Venue is proper in this district pursuant to 28 U.S.C. section 1391(a)(2) in that a substantial, part of the events giving rise to the claims set forth herein occurred in this district, and the Property that is the subject of this action is situated in this district.

## **FIRST CAUSE OF ACTION FOR NEGLIGENCE**
## **(AGAINST ALL DEFENDANTS)**

16. Plaintiff hereby realleges and incorporates by reference all allegations, including General Allegations, of this First Amended Complaint as if fully set forth herein.

17. Defendants, and each of them, owed a duty to use reasonable care with respect to the design, manufacture, assembly, distribution, sale and/or inspection of the subject DRILL, including but not limited to its battery and/or its component parts. The failure of Defendants, and each of them, to use reasonable care with the design, distribution, manufacture, assembly, sale, and/or inspection of the subject DRILL, including but not limited to battery and/or its component parts caused a fire to originate THE PROPERTY and contents as alleged herein.

18. Defendants', and each of them, negligently distributed, assembled, sold, manufactured, maintained, and/or inspected the subject DRILL, including but not limited to its battery and/or its component parts and/or negligently failed to issue adequate instruction or warnings regarding the subject DRILL, including its battery and/or its component parts, left Defendants' possession or control in a defective condition, with design defects and/or insufficient instruction or warning of safety hazards.

19. Defendants, and each of them, failed to use reasonable care, and breached their duties owed to consumers such as the Plaintiff, as Defendants knew or should have known about the likelihood and severity of potential harm in not properly manufacturing parts into the subject DRILL, including its battery and/or its component parts, such that is caught fire while not in use, in Plaintiff Insured EV RIFE'S possession.

20. As a result of the subject fire, Plaintiff has sustained damages in an amount of at least $132,462.85 and continuing to date, and said amount exceeds the jurisdictional requirements of this Court, the precise amount of which is to be proven at the time of trial.

## SECOND CAUSE OF ACTION FOR
## STRICT PRODUCTS LIABILITY MANUFACTURING DEFECT
### (AGAINST ALL DEFENDANTS)

21. Plaintiff hereby realleges and incorporates by reference all allegations, including General Allegations, of this First Amended Complaint as if fully set forth herein.

22. Defendants, and each of them, designed, distributed, assembled, sold, supplied, and/or inspected the subject DRILL, including its battery and/or its component parts such that the product contained manufacturing defects, insufficient instructions and/or warnings of potential safety hazards and/or design defects when the product left said Defendants' possession or control.

23. At the time of the incident described herein, the product was being used in the manner intended by Defendants and/or in a reasonably foreseeable manner in a reasonably foreseeable manner.

24. The afore-described defective manufacture and/or assembly of the subject DRILL, including its battery and/or its component parts were the substantial factor in causing harm and damages to Plaintiff and their property.

25. As a result of the design, distribution, sale, supply, and/or inspection of the subject DRILL, including its battery and/or its component parts by Defendants, and each of them, with manufacturing, inadequate warnings of safety hazards, and/or design defects, Plaintiff sustained approximately $132,462.85, in damages for repairs, restoration and/or replacement of property.

26. Plaintiff now seeks damages from Defendants, and each of them, in excess of the amount of $132,462.85, the amount to be proven at trial.

## THIRD CAUSE OF ACTION FOR

## STRICT LIABILITY DESIGN DEFECT – CONSUMER EXPECTATION

### (AGAINST ALL DEFENDANTS)

27. Plaintiff hereby realleges and incorporates by reference all allegations, including General Allegations, of this First Amended Complaint as if fully set forth herein.

28. Defendants, and each of them, designed/manufactured/assembled/distributed/sold the subject DRILL, including its battery and/or its component parts.

29. The subject DRILL did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

30. As a result of the design, distribution, sale, supply, and/or inspection of the subject DRILL, including its battery and/or its component parts by Defendants, and each of them, with manufacturing, inadequate warnings of safety hazards, and/or design defects, Plaintiff sustained approximately $132,462.85, in damages for repairs, restoration and/or replacement of property.

31. Plaintiff now seeks damages from Defendants, and each of them, in excess of the amount of $132,462.85, the amount to be proven at trial.

32. The subject DRILL'S, including its battery and/or its component parts, failure to perform safely was a substantial factor in causing Plaintiff's harm.

## FOURTH CAUSE OF ACTION FOR

## BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY

### (AGAINST ALL DEFENDANTS)

33. Plaintiff hereby realleges and incorporates by reference all allegations, including General Allegations, of this First Amended Complaint as if fully set forth herein.

34. At all times relevant hereto, Plaintiff's Insured EV RIFE purchase of the subject DRILL, including its battery and/or its component parts, alleged above were accompanied by Defendants manufacturer, assembler and retail seller Defendants, and each of them, and each of their implied warranty that the goods were of good and merchantable quality as defined by *Civil Code §* 1791.1(a), at the time of sale pursuant to *Civil Code* § 1792.

35. At the time of Plaintiff's Insured EV RIFE purchase, Defendants, and each of them, were in the business of selling drills and other power tools and component parts used therein, held themselves out as having special knowledge or skill regarding these types of goods.

36. The subject DRILL, including its battery and/or its component parts, were not of the same quality as those generally accepted in the trade, such that while not in use, the subject DRILL, including its battery and/or its component parts, caught fire and burned THE PROPERTY to great damage and destruction. Therefore, it was not fit for the ordinary purposes for which such goods are used, did not conform to the quality established by the parties' prior usage of trades, and other grounds as set forth in California Uniform Commercial Code section 2314(2).

37. Plaintiff took reasonable steps to notify Defendants, and each of them, within a reasonable time after the fire so that they could come and inspection what was left of the subject DRILL, including its battery and/or its component parts.

38. As a direct and proximate result of the breaches of implied warranties alleged herein, Plaintiff was harmed and has suffered actual damages in a sum according to proof at trial, in excess of $132,462.85. Plaintiff now seeks damages from Defendants, and each of them, in excess of the amount of $132,462.85, the amount to be proven at trial.

39. The subject DRILL'S, including its battery and/or its component parts, failure to perform safely was a substantial factor in causing Plaintiff's harm.

## FIFTH CAUSE OF ACTION FOR
## BREACH OF IMPLIED WARRANTIES OF FITNESS
### (AGAINST ALL DEFENDANTS)

40. Plaintiff hereby realleges and incorporates by reference all allegations, including General Allegations, of this First Amended Complaint as if fully set forth herein.

41. At all times relevant hereto, Plaintiff's INSURED EV RIFE purchase of the subject DRILL, including its battery and/or its component parts, alleged above were accompanied by Defendants manufacturer, assembler and retail seller Defendants, and each of them, had reason to know at the time of the retail sale that the goods were required for the particular purpose.

///

///

42. Plaintiff was relying on the Defendants' skill or judgment to select or furnish and utilize suitable components parts such as the battery system. As such, the subject DRILL was accompanied by such Defendants' implied warranty of fitness as defined by *Civil Code* § 1791.1(b) at the time of sale pursuant to *Civil Code §* 1792.1.

43. Plaintiff justifiably relied on the Defendants skill and judgment in manufacturing assembly and sale of the subject DRILL, including its battery and/or its component parts, as a functional and safe DRILL that would serve its intended purpose.

44. Plaintiff took reasonable steps to notify Defendants, and each of them, within a reasonable time after the fire so that they could come and inspection what was left of the subject DRILL, including its battery and/or its component parts.

45. At said time and place, the DRILL and its component parts, alleged above was not of such good and merchantable condition and/or fitness for its intended particular purpose, inasmuch as they contained multiple nonconformities which substantially reduced their use, value and/or safety to Plaintiff when used in its usual and customary manner. If it had been, the subject DRILL, including its battery and/or its component parts, would not have caught fire and burned.

46. As a direct and proximate result of the breaches of implied warranties alleged herein, Plaintiff has suffered actual damages in a sum according to proof at trial, in excess of $132,462.85.

47. The Plaintiff's damages arise from the breach of warranty and are readily subject to calculation thus Plaintiff is entitled to recover pre-judgment interest pursuant to *Civil Code* § 3287 in a sum according to proof. Plaintiff now seeks damages from Defendants, and each of them, in excess of the amount of $132,462.85, the amount to be proven at trial.

48. The subject DRILL'S, including its battery and/or its component parts, failure to perform safely was a substantial factor in causing Plaintiff's harm.

## **SIXTH CAUSE OF ACTION FOR**
## **BREACH OF EXPRESS WARRANTY**
### **(AGAINST ALL DEFENDANT)**

49. Plaintiff hereby realleges and incorporates by reference all allegations, including General Allegations, of this First Amended Complaint as if fully set forth herein.

50. Defendants, and each of them, designed/manufactured/assembled/sold the subject DRILL, including its battery and/or its component parts.

51. Plaintiff was the first party purchaser of the subject DRILL, including its battery and/or its component parts.

52. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants, and each of them, inclusive, and each of them expressly warranted to Plaintiff, by and through statements made by Defendants, and each of them, or their authorized agents and/or sales representatives, orally and/or in publications, package inserts and other written materials intended for consumers, that the aforementioned subject products were safe, effective, fit and proper for their intend use. Among other representations and warranties, Defendant SAMSUNG claims: "Samsung SDI provides battery cells with the best capacity and performance and the best quality and performance battery packs whose design and production have been thoroughly validated." Among other representations and warranties, Defendant MILWAUKEE claims "Every MILWAUKEE Battery Pack (sold with cordless product and/or as a replacement battery pack) is warranted to the original purchaser only to be free from defects in material and workmanship."

53. The subject DRILL, including its battery and/or its component parts, did not perform as promised and/or did not meet the quality of a product used for drilling, that it could be recharged for further use.

54. Plaintiff's took reasonable steps to notify Defendants, and each of them, within a reasonable time after the fire so that they could come and inspection what was left of the subject DRILL, including its battery and/or its component parts.

55. As a direct and proximate result of the breaches of implied warranties alleged herein, Plaintiff was harmed and has suffered actual damages in a sum according to proof at trial, in excess of $132,462.85.

56. Plaintiff now seeks damage from Defendants, and each of them, in excess of the amount of $132,462.85, the amount to be proven at trial.

57. The subject DRILL, including its battery and/or its component parts failure to perform safely was a substantial factor in causing Plaintiffs' harm.

FIRST AMENDED COMPLAINT FOR DAMAGES

## SEVENTH CAUSE OF ACTION FOR

## NEGLIGENCE-MANUFACTURER OR SUPPLIER-DUTY TO WARN

### (AGAINST ALL DEFENDANT)

58. Plaintiff hereby realleges and incorporates by reference all allegations, including General Allegations, of this First Amended Complaint as if fully set forth herein.

59. Plaintiff claims that Defendants, and each of them, were negligent by not using reasonable care to warn about the product's dangerous condition or about facts that made the product likely to be dangerous.

60. Plaintiff alleges that Defendants, and each of them manufactured/ distributed/assembled/sold the product.

61. Plaintiff alleges Defendants knew or reasonably should have known that the product was dangerous or was likely to be dangerous when used or misused in a reasonably foreseeable manner.

62. Plaintiff alleges that Defendants knew or reasonably should have known that users would not realize the danger.

63. Plaintiff alleges that Defendants failed to adequately warn of the danger or instruct on the safe use of the product and that a reasonable manufacturer/distributor/assembler/seller under the same or similar circumstances would have warned of the danger or instructed on the safe use of the product.

64. As a direct and proximate result of the breaches of alleged herein, Plaintiff was harmed and has suffered actual damages in a sum according to proof at trial, in excess of $132,462.85.

65. Plaintiff now seeks damage from Defendants, and each of them, in excess of the amount of $132,462.85, the amount to be proven at trial.

66. That Defendants' failure to warn or instruct was a substantial factor in causing Plaintiff's harm.

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request that a judgment and order be entered as follows:

1. Compensatory damages for all damages incurred as a result of the incident complained of in this case;
2. Pre-judgment interest pursuant to California Civil Code of Procedure § 1268.010, *et. seq.,* all according to proof;
3. Post-judgment interest on Plaintiff's judgment;
4. Costs for prosecuting this action;
5. Attorney fees and costs as permitted by law or contract; and,
6. For such further and other relief as the Court may deem just and proper.

Dated: October 16, 2020         LAW OFFICES OF JOHN A. BIARD

_____
Susan E. Kirkgaard
Attorney for Plaintiff
NORTHFIELD INSURANCE COMPANY

## **JURY DEMAND**

Plaintiff NORTHFIELD INSURANCE COMPANY hereby demands a trial by jury for all issues so triable that are raised in this First Amended Complaint.

Dated: October 16, 2020         LAW OFFICES OF JOHN A. BIARD

_____
Susan E. Kirkgaard
Attorney for Plaintiff
NORTHFIELD INSURANCE COMPANY