ARTHUR J. CASEY [SBN 123273]
CASEY LAW GROUP
16450 Los Gatos Blvd., Suite 110
Los Gatos, CA 95032
Tel:  (408) 660-3102
Fax:  (408) 660-3105
Email: acasey@caseylawsj.com

Attorneys for Defendant MILWAUKEE
ELECTRIC TOOL CORPORATION

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY, an Iowa Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MILWAUKEE ELECTRIC TOOL CORPORATION, a Delaware Corporation, TTI, Inc., a wholly owned subsidiary of BERKSHIRE HATHAWAY, INC. dba TECHTRONIC INDUSTRIES NORTH AMERICAN, INC., a Delaware Corporation, SAMSUNG SDI CO., LTD. aka SAMSUNG SDI, a Korean Entity and DOES 1-20 inclusive<br><br>Defendants. | Case No. 2:20-cv-01505 MCE-DMC<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Milwaukee Electric Tool Corporation, a Delaware Corporation ("METCO") answers the First Amended Complaint ("First Amended Complaint") brought by Plaintiff Northfield Insurance Company, an Iowa Corporation ("Plaintiff") and answers and alleges as follows:

///

///

///

1

ANSWER TO FIRST AMENDED COMPLAINT                    2:20-cv-01505 MCE-DMC

**RESPONSE TO ALLEGATIONS OF FIRST AMENDED COMPLAINT**

Answering all causes of action pled by the above-named Plaintiff, defendant METCO denies, both generally and specifically, every material allegation, including the damage allegations, in every cause of action alleged.

1. In response to paragraph 1 of the First Amended Complaint, defendant METCO denies all sentences of this paragraph save and except the last sentence on which defendant METCO alleges on information and belief that it lacks sufficient information and belief to admit or deny that sentence of the paragraph.

2. In response to paragraph 2 of the First Amended Complaint, defendant METCO admits paragraph 2 on the assumption plaintiff knows its own form of business entity and state of incorporation.

3. In response to paragraph 3 of the First Amended Complaint, defendant METCO admits this paragraph.

4. In response to paragraph 4 of the First Amended Complaint, defendant METCO admits that it is a wholly-owned subsidiary of Techtronic's Industries Company, LTD.

5. In response to paragraph 5 of the First Amended Complaint, defendant METCO lacks sufficient information and belief as to the specifics of Samsung SDI Company Ltd. a.k.a. Samsung SDI. Further, METCO further admits that Samsung generally manufactures battery cells and/or battery packs but METCO lacks sufficient information and belief to admit or deny any allegation as to a "component of the subject drill."

6. In response to paragraph 6 of the First Amended Complaint, this is a Doe allegation paragraph so METCO lacks sufficient information and belief to either admit or deny this paragraph specifically but generally admits that unknown defendants may have responsibility for the allegations of plaintiff's complaint.

7. In response to paragraph 7 of the First Amended Complaint, defendant METCO assumes that plaintiff has knowledge of any policy issued and the properties insured but defendant METCO lacks sufficient information and belief to either admit or deny this allegation.

8. In response to paragraph 8 of the First Amended Complaint, defendant METCO denies this allegation.

9. In response to paragraph 9 of the First Amended Complaint, defendant METCO lacks sufficient information and belief to either admit or deny this paragraph.

10. In response to paragraph 10 of the First Amended Complaint, defendant METCO lacks sufficient information and belief to either admit or deny this paragraph.

11. In response to paragraph 11 of the First Amended Complaint, defendant METCO denies this paragraph.

12. In response to paragraph 12 of the First Amended Complaint, defendant METCO denies this paragraph.

13. In response to paragraph 13 of the First Amended Complaint, defendant METCO lacks sufficient information and belief to either admit or deny this paragraph.

14. In response to paragraph 14 of the First Amended Complaint, defendant METCO admits this paragraph.

15. In response to paragraph 15 of the First Amended Complaint, defendant METCO admits this paragraph.

16. In response to paragraph 16 of the First Amended Complaint, defendant METCO incorporates herein by reference all allegations previously set forth.

17. In response to paragraph 17 of the First Amended Complaint, due to the general nature of plaintiff allegations, defendant METCO lacks sufficient information and belief to admit or deny the first sentence of the paragraph. With regard to the second sentence of paragraph 17, defendant denies the allegation.

18. In response to paragraph 18 of the First Amended Complaint, defendant METCO denies the allegations.

19. In response to paragraph 19 of the First Amended Complaint, defendant METCO denies the allegations.

20. In response to paragraph 20 of the First Amended Complaint, defendant METCO lacks sufficient information and belief to admit or deny this paragraph.

21. In response to paragraph 21 of the First Amended Complaint, defendant METCO incorporates by reference all previous allegations of this answer.

22. In response to paragraph 22 of the First Amended Complaint, defendant METCO denies the allegations.

23. In response to paragraph 23 of the First Amended Complaint, defendant METCO lacks sufficient information and belief to either admit or deny this paragraph.

24. In response to paragraph 24 of the First Amended Complaint, defendant METCO denies the allegations.

25. In response to paragraph 25 of the First Amended Complaint, defendant METCO denies the first sentence of the paragraph and lacks sufficient information and belief to admit or deny the last part of the sentence that reads "plaintiff sustained approximately $132,460.85 in damages for repairs, restoration and/or replacement of property."

26. In response to paragraph 26 of the First Amended Complaint, defendant METCO lacks sufficient information and belief to either admit or deny this paragraph.

27. In response to paragraph 27 of the First Amended Complaint, defendant METCO incorporates herein by reference all previous allegations of this answer.

28. In response to paragraph 28 of the First Amended Complaint, defendant METCO lacks sufficient information and belief to either admit or deny this allegation because of the overly broad allegation of the paragraph to the extent it states "including its battery and/or its component parts."

29. In response to paragraph 29 of the First Amended Complaint, defendant METCO denies this allegation.

30. In response to paragraph 30 of the First Amended Complaint, defendant METCO denies this allegation.

31. In response to paragraph 31 of the First Amended Complaint, defendant METCO lacks sufficient information and belief to either admit or deny this allegation.

32. In response to paragraph 32 of the First Amended Complaint, defendant METCO denies this allegation.

33. In response to paragraph 33 of the First Amended Complaint, defendant METCO incorporates herein by reference all allegations of this answer.

34. In response to paragraph 34 of the First Amended Complaint, defendant METCO lacks sufficient information and belief about plaintiff's insured's purchase of the subject drill and so on that basis defendant is neither able to admit nor deny the allegations of the first sentence of this paragraph. Answering the second sentence, defendant METCO admits generally that it warrants its products.

35. In response to paragraph 35 of the First Amended Complaint, due to the general nature and overly broad allegation of this paragraph, defendant METCO lacks sufficient information and belief to either admit or deny the paragraph as pled. However, defendant METCO does admit that it sells drills and other power tools and component parts and defendant does admit that it has special knowledge or skill regarding the power tools and component parts defendant sells.

36. In response to paragraph 36 of the First Amended Complaint, defendant METCO denies this allegation.

37. In response to paragraph 37 of the First Amended Complaint, defendant METCO denies this allegation.

38. In response to paragraph 38 of the First Amended Complaint, defendant METCO denies this allegation.

39. In response to paragraph 39 of the First Amended Complaint, defendant METCO denies this allegation.

40. In response to paragraph 40 of the First Amended Complaint, METCO incorporates herein by reference all allegations of this answer.

41. In response to paragraph 41 of the First Amended Complaint, defendant METCO lacks sufficient information and belief based on the general and somewhat confusing allegations of this paragraph to either admit or deny this allegation.

42. In response to paragraph 42 of the complaint, defendant METCO lacks sufficient information and belief to either admit or deny this paragraph.

43. In response to paragraph 43 of the complaint, defendant METCO lacks sufficient information and belief to either admit or deny this paragraph.

44. In response to paragraph 44 of the First Amended Complaint, defendant METCO denies this allegation.

45. In response to paragraph 45 of the First Amended Complaint, defendant METCO denies the allegation of this paragraph.

46. In response to paragraph 46 of the First Amended Complaint, defendant METCO denies this allegation.

47. In response to paragraph 47 of the First Amended Complaint, defendant METCO denies this allegation.

48. In response to paragraph 48 of the First Amended Complaint, defendant METCO denies this allegation.

49. In response to paragraph 49 of the First Amended Complaint, METCO incorporates herein by reference all previous allegations of this answer.

50. In response to paragraph 50 of the First Amended Complaint, due to the general and broad nature of this paragraph, defendant METCO lacks sufficient information and belief to admit or deny this allegation, but defendant METCO admits it designs, manufactures, assembles and sells power tools and component parts.

51. In response to paragraph 51 of the complaint, defendant METCO lacks sufficient information and belief to either admit or deny this paragraph.

52. In response to paragraph 52 of the First Amended Complaint, due to the general, compound and broad nature of the allegations of this paragraph, defendant METCO can neither admit nor deny this allegation as pled.

53. In response to paragraph 53 of the First Amended Complaint, defendant METCO denies this allegation.

54. In response to paragraph 54 of the First Amended Complaint, defendant METCO denies this allegation.

**1**     55.     In response to paragraph 55 of the First Amended Complaint, defendant METCO
**2** denies this allegation.

**3**     56.     In response to paragraph 56 of the First Amended complaint, defendant METCO
**4** lacks sufficient information and belief as to the damages sought by plaintiff so defendant is unable
**5** to either admit or deny this allegation.

**6**     57.     In response to paragraph 57 of the First Amended Complaint, defendant METCO
**7** denies this allegation.

**8**     58.     In response to paragraph 58 the complaint, defendant METCO incorporates herein
**9** by reference all allegations of this paragraph.

**10**     59.     In response to paragraph 59 of the First Amended Complaint, defendant METCO
**11** denies this allegation.

**12**     60.     In response to paragraph 60 of the First Amended Complaint, due to the general
**13** and broad nature of this allegation, defendant lacks sufficient information and belief to either
**14** admit or deny this allegation, but defendant METCO admits generally that it designs,
**15** manufactures and sells power tools.

**16**     61.     In response to paragraph 61 of the First Amended Complaint, defendant METCO
**17** denies this allegation.

**18**     62.     In response to paragraph 62 of the First Amended Complaint, defendant METCO
**19** denies this allegation.

**20**     63.     In response to paragraph 63 of the First Amended Complaint, defendant METCO
**21** denies this allegation.

**22**     64.     In response to paragraph 64 of the complaint, defendant METCO lacks sufficient
**23** information and belief to know anything about the damages suffered by plaintiff so on that basis
**24** defendant can neither admit nor deny this allegation, but defendant METCO denies it breached
**25** any obligation to plaintiff.

**26**     64.     In response to paragraph 65 the First Amended Complaint, defendant METCO
**27** lacks sufficient information and belief about the damages sought by plaintiff so defendant can
**28** neither admit nor deny the allegation of this paragraph.

65. In response to paragraph 66 of the First Amended Complaint, defendant METCO denies this allegation.

66. In response to paragraphs 1 through six of plaintiff's prayer for relief, defendant METCO denies the allegations.

## AFFIRMATIVE DEFENSES

AS A SEPARATE AND AFFIRMATIVE DEFENSE to the First Amended Complaint on file herein, this answering defendant believes and thereon alleges that plaintiff's insured was careless and negligent in and about the matters complained of and that such a carelessness and negligence contributed to the happening of the incident complained of, and the damages, if any, sustained thereby.

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the First Amended Complaint on file herein, this answering defendant is informed and believes and based thereon alleges that plaintiff's insured, with full appreciation of the particular risks involved, nevertheless knowingly and voluntarily assumed the risks and hazards of the incident complained of, and the damages, if any, resulting therefrom.

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the First Amended Complaint on file herein, this answering defendant alleges that the complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the First Amended Complaint on file herein, this answering defendant is informed and believes and based thereon allege that plaintiff's causes of action are barred by reason of plaintiff's and plaintiff's insured's failure to mitigate damages, if any.

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the First Amended Complaint on file herein, this answering defendant asserts that plaintiff's injuries were caused or contributed to by third parties in a percentage to be determined at trial and that plaintiffs' recovery of non-economic damages shall be reduced in proportion to such third parties' percentage of fault. Civil Code § 1431.2.

1  AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the First Amended Complaint on file herein, this answering defendant is informed and believes and thereon alleges that plaintiff or other defendants in this action or other persons or entities who are not parties to this action failed to properly maintain and repair the product which is the subject matter of this litigation and that said failure to properly repair and maintain said product was the sole cause of plaintiff's damages as alleged in the complaint on file herein.

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the First Amended Complaint on file herein, this answering defendant is informed and believes and thereon alleges that plaintiff's First Amended Complaint on file herein is barred by the applicable statute of limitations, including but not limited to Code of Civil Procedure §§ 335.1, 337, 338, 339, 340, and 343.

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the First Amended Complaint on file herein, this answering defendant is informed and believes and thereon alleges that any defect or nonconformity of which the plaintiff complains in this matter was proximately caused by the unauthorized or unreasonable use, misuse or abuse of the goods by the plaintiff following sale and delivery of those goods by defendant to plaintiff.

AS A FURTHER, SEPARATE AFFIRMATIVE DEFENSE to the First Amended Complaint on file herein, this answer defendant is informed and believes and thereon alleges that plaintiff was injured in the course and scope of employment and plaintiff's employer's negligence caused and/or contributed plaintiff's damages/injuries. Any recovery by plaintiff's employer for workers compensation benefits paid out shall therefore be reduce accordingly. Witt v. Jackson (1961) 57 Cal.2d 57, 72.

Dated: November 25, 2020.                    CASEY LAW GROUP

By: _____
ARTHUR J. CASEY
Attorneys for defendant MILWAUKEE
ELECTRIC TOOL CORPORATION

**JURY DEMAND**

Defendant Milwaukee Electric Tool Corporation hereby demands a trial by jury for all issues so triable that are raised in the First Amended Complaint.

Dated: November 25, 2020.

CASEY LAW GROUP

By: _____
ARTHUR J. CASEY
Attorneys for defendant MILWAUKEE ELECTRIC TOOL CORPORATION